940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth B. HALL, Plaintiff-Appellant,
v.
COCKE COUNTY, TENNESSEE, and Cocke County Highway
Department, Defendants-Appellees.
 No. 90-6060.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and COHN,* District Judge.
 PER CURIAM.
 
 
 1
 Kenneth Hall brought suit against his former employer, Cocke County, Tennessee, and the Cocke County Highway Department, for uncompensated overtime and liquidated damages under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. Sec. 201 et seq. After a bench trial, the district court found (1) that plaintiff's compensation for the forty-eight hours of overtime he worked every weekend was not reasonable, (2) that Cocke County's violation of the FLSA through its agent Tom O'Dell was willful, thereby establishing three years as the applicable period of limitation for recovering damages, and (3) that plaintiff was entitled to liquidated damages because of defendant's willful violation. The court awarded the plaintiff $29,338.88 for overtime compensation and the same amount for liquidated damages. This timely appeal follows. We vacate the judgment of the district court and remand the case for further proceedings.
 
 
 2
 * The Cocke County Highway Department maintained a garage at the end of a dead-end road near by a stone quarry. Hall was hired to be a watchman for that facility. During the week, he worked from 4:00 p.m. until 7:00 a.m. every day. This was the period when the regular garage employees were absent from the facility. His duties were not onerous. From 4:00 p.m. until 10:00 p.m., the garage was open to police cruisers coming in to fill up. Hall was required to open the gate for them, but he did not have to pump the gas. His only responsibility was to make sure that the appropriate chit was filled out and filed in the proper place. After ten o'clock on weekdays, Hall's only duty was to keep an eye on the place and to summon the sheriff's department if there were any trouble. At times, fire department trucks would come after the ten p.m. closing time. It was Hall's responsibility to see that they were admitted and that they submitted a chit after taking on fuel. After ten o'clock on weekdays, Hall's sleep was rarely disturbed.
 
 
 3
 Hall was also required to be on the premises for forty-eight hours during the weekend, i.e., all day Saturday and Sunday. His duties were largely confined to safeguarding the county's property. He was permitted to leave the premises on the weekend, but a replacement had to be found. This happened only occasionally. Hall's compensation was not reduced when he was absent from the premises on the weekend.
 
 
 4
 The county maintained a trailer on the premises. Hall's brief describes it as a shack; the county's brief speaks of it as a three-bedroom mobile home. Whatever it was, soon after taking the job, Hall fixed it up and moved his family in. The trailer became his permanent residence. When he was on duty on the weekend, Hall had ample time for private pursuits. He played basketball, entertained friends, played cards with his family, and so on.
 
 
 5
 When Hall was hired in May 1985, his bi-weekly salary was $336.58. When he "resigned" in February 1989 to begin serving a prison sentence after conviction on a drug-dealing charge, his bi-weekly pay was $387.79. During the week, he worked from 4 p.m. to 10 p.m., five days per week, for a total of thirty hours per week of weekday work. If we assume, as the court did below, that he was compensated for weekday work only, and that weekend work was uncompensated, his starting salary was $5.60 per hour and his ending salary was $6.45 per hour.
 
 II
 
 6
 The FLSA prohibits an employer from employing workers for more than forty hours per week without compensating them at a higher rate for overtime. 29 U.S.C. Secs. 207(a) & (f). Under certain circumstances, the time that employees spend waiting to go to work must be compensated. See Skidmore v. Swift & Co., 323 U.S. 138, 140, 65 S.Ct. 161, 164 (1941), reh'g denied, 320 U.S. 812 (1943). On the other hand,
 
 
 7
 An employee who resides on his employer's premises on a permanent basis for extended periods of time is not considered as working all the time he is on the premises.... It is, of course, difficult to determine the exact hours of work under these circumstances and any reasonable agreement by all the parties which takes into consideration all the pertinent facts will be accepted.
 
 
 8
 29 C.F.R. Sec. 785.23.
 
 
 9
 In determining that Hall's salary was unreasonable, the court below said:
 
 
 10
 [A]lthough the plaintiff's salary was reasonable for his hours from Monday through Friday, ... plaintiff's compensation was not reasonable for the 48 hours that he was on duty each weekend. [G]iven the totality of the circumstances, ... as a whole ... the plaintiff's salary was not reasonable, and ... he is entitled to overtime compensation at least for the 48 hours of duty less sleep time [of sixteen hours per weekend] he was required to remain on the premises each weekend.
 
 
 11
 The record of the proceedings below gives us no grounds for determining how the district court was able to conclude that Hall's salary was for weekday work only. We do not know why the compensation was considered reasonable for weekday work only, but inadequate once Hall's weekend obligations were considered. Nor do we know why the court concluded that Hall was entitled to compensation for every waking hour he spent on county property on the weekends. In Skidmore v. Swift & Co., the plaintiffs were firemen who were required to spend nights at the firehouse; they were held to be entitled to compensation for the time spent waiting. Hall's situation was quite different from theirs. On the weekends, Hall "waited" in his home.
 
 
 12
 Since we are unable to understand the foundation on which the district court's determination rests, we are cannot review its judgment and must remand the case for a more adequate exposition of the district court's finding that Hall's weekend compensation was unreasonable and that he was entitled to 32 hours per weekend of overtime pay. See Glover v. Johnson, 855 F.2d 277, 285 (6th Cir.1988) (case remanded because of district court's insufficiently specific findings of fact); Poe v. Haydon, 853 F.2d 418, 426 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989) (remand required when the district court neglected to state more fully the basis for its conclusions).
 
 II
 
 13
 The FLSA statute of limitations is normally two years. However, if an employer acts willfully, this period is three years. 29 U.S.C. Sec. 255(a). The district court found that the county highway department, acting through its agent O'Dell, willfully violated the statute in setting Hall's compensation. Applying the three-year statute of limitations, the district court awarded Hall backpay for the period August 7, 1986 until February 28, 1989, the day he resigned. If the two-year statute of limitations had been applied, he would have been awarded backpay for the period August 7, 1987 until February 28, 1989 only.
 
 
 14
 In applying the statute of limitation, the district court employed the standard of willfulness found in Coleman v. Jiffy June Farms, Inc., 458 F.2d 1139 (5th Cir.), cert. denied, 409 U.S. 948 (1972). The holding of that case was that an employer acts willfully for FLSA purposes if he knew or suspected that his actions might violate the act. Id. at 1142. The district court in this case was able to find bad faith under the Jiffy June Farms standard because O'Dell had attended a seminar in which he was made aware of the possible application of the FLSA to Hall's employment.
 
 
 15
 In McLaughlin v. Richland Shoe Co., 486 U.S. 128, 134, 108 S.Ct. 1677, 1681-82 (1988), the Supreme Court rejected Jiffy June Farms and held that an even an employer who acts unreasonably towards an employee in violating the FLSA does not act willfully, unless his conduct is reckless. Since the court did not use this standard in determining the statute of limitations applicable to this case, we must remand this case for consideration of that issue under the appropriate standards.
 
 III
 
 16
 An employer who violates the FLSA is liable not only for compensatory damages but also for liquidated damages equal to compensatory damages. 29 U.S.C. Sec. 216(b). However, a court may, in its discretion, award a lesser sum, or deny liquidated damages altogether, if the employer satisfies the court that the act or omission giving rise to liability was in good faith and that he had reasonable grounds for believing that the act or omission was not a violation of the FLSA. Id. Sec. 260. The court below awarded liquidated damages equal to compensatory damages but did not support this award with an appropriate inquiry into the bona fides of the defendants or the reasonableness of their belief that they were not violating the FLSA. Accordingly, we must remand the case for proper findings of fact on these issues.
 
 
 17
 The judgment is VACATED, and the case is REMANDED for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation